**In the Matter of HAINES LUMBER & MILLWORK CO., Debtor.**

No. 24678.

United States District Court
E. D. Pennsylvania.

June 29, 1956.

Goff & Rubin, Philadelphia, Pa., for receivers.

Morris L. Weisberg, Harry Norman Ball, Philadelphia, Pa., for Glenwood Lumber Co.

KIRKPATRICK, Chief Judge.

In this Chapter XI bankruptcy case the Court entered an order restraining a creditor, who had obtained a lien within four months of the filing of the petition, from proceeding with execution process against the debtor's property. The order was entered upon a verified petition which alleged that irreparable harm would be done to the general creditors unless the execution was stayed. The execution creditor has moved to vacate the restraining order on the ground that more than ten days have expired since its issuance.

Rule 65(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides that a temporary restraining order granted without notice shall expire within ten days unless extended by the Court. In the present case no time for expiration was fixed in the order. I am of the opinion that any time limitation was unnecessary.

Rule 81(a) (1) provides that the Federal Rules do not apply to proceed-

ings in bankruptcy. However, General Order 37 in Bankruptcy, 11 U.S.C.A. following section 53 provides that in proceedings under the Act the Rules of Civil Procedure "shall \* \* \* be followed as nearly as may be. \* \* \*" No conceivable advantage could accrue from putting a ten day limitation upon a restraining order such as the present one. Not only would it be contrary to universally accepted practice but it would be inconvenient, burdensome and an unnecessary waste of time of the Court and counsel to have to have the order renewed every ten days. The order itself provides that any party in interest may move to vacate it upon application to the Court. The Court will always entertain a motion to vacate, upon any showing of good cause. There is no such showing in this case.

■ I have no doubt that there was jurisdiction to enter the order without notice. Section 314 of the Act, 11 U.S.C.A. § 714, while it does not authorize an ex parte injunction and does provide that the Court may enjoin or stay a proceeding to enforce a lien, upon notice and upon cause shown, does not forbid the entry of a restraining order without notice in a proper case. Collier points out "That jurisdiction is derived from the power conferred by Section 2(a) (15) of the Act to make such orders as may be necessary for the enforcement of the provisions of the Act, from the power conferred by Section 262 of the Judicial Code to issue all writs which may be necessary for the exercise of the jurisdiction of the district court, and from the general equity powers of a court of bankruptcy. The temporary restraining order may be granted without notice to the adverse party if it clearly appears by affidavit or in the verified petition that immediate and irreparable injury, loss or damage will result to the applicant before notice can be served and a hearing had thereon." Collier on Bankruptcy, Vol. 8, pages 191, 192.

The paramount consideration is the preservation of the assets, and an interpretation of Section 314 which requires notice in all cases before a restraining order could issue would frequently result in permitting a single creditor to wreck the whole administration of the estate.

It may be further pointed out that the stay or injunction referred to in Sec. 314 of the Act upon notice and the showing of good cause is an adjudicated stay in which the Court bases its ruling upon findings of fact. The temporary restraining order issued here is quite different. There is no burden of any kind upon anyone who attacks it because there are no adverse findings for him to overcome, as there would be in the case of an attack upon a stay issued after notice and hearing. In short, this restraining order stands merely upon the assumption that the petition is correct, but the Court only assumes so until someone comes in and offers to prove otherwise. It is not based upon any fact findings by the Court but issued upon a verified petition and for that reason contains a provision that any party in interest may move to vacate.